***********
The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner; the appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission hereby affirms the Opinion and Award with minor modifications.
 ***********
Based upon all of the competent evidence adduced at the hearing and from the record, the Full Commission makes the following
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Royal Insurance Company was the compensation carrier on risk at all relevant times herein.
3. The employee/employer relationship existed between plaintiff and defendant-employer at all relevant times herein.
4. Plaintiff's average weekly wages will be determined from a Form 22 to be provided by defendant-employer.
5. The date of plaintiff's alleged injury is March 7, 1993.
6. The issues to be determined from this hearing are as follows:
 a) Whether plaintiff sustained an injury by accident or developed an occupational disease while in the course and scope of her employment with defendant-employer?
 b) If so, what, if any, workers' compensation benefits is plaintiff entitled to receive as a result of the injuries sustained?
 *********** FINDINGS OF FACT
1. Plaintiff is sixty-nine years old and a high school graduate.
2. Plaintiff began working for defendant-employer in 1971 and continued until 1993. She worked as a seamstress. For the last two years prior to the alleged injury, plaintiff's seamstress position involved sewing elastic into sport shorts. She had bundles containing five dozen pair of shorts located behind her. She would retrieve a bundle of shorts from behind her, place it to her right, and one by one, stretch the shorts around the arm of her sewing machine, align the shorts up with the elastic waistband, and using a foot pedal, activate the machine that would feed the shorts and the elastic simultaneously in a circle. She would do this act over and over throughout the day. Plaintiff normally completed between twelve and fourteen bundles of shorts per shift.
3. Plaintiff testified that she felt a sharp pain in her right shoulder on January 7, 1992, as she was performing her regular job duties. She stated that she had not deviated from her normal job duties, nor had she experienced any pain in her right shoulder prior to this time.
4. Plaintiff was seen and treated by Dr. F. Ray Thigpen. Dr. Thigpen diagnosed her condition as traumatic right shoulder injury, tenosynovitis and degenerative joint disease. Dr. Thigpen indicated that plaintiff had told his staff that she had hurt her shoulder at work.
5. There has been no showing that plaintiff was placed at an increased risk of developing the condition for which she complains, nor has there been a showing that plaintiff's condition is characteristic of and peculiar to her employment with defendant-employer.
6. Although Dr. Thigpen found that plaintiff had tenosynovitis from her employment, his testimony is that this condition occurred as the result of a single event. There is no competent evidence that the single event producing the tenosynovitis was an accident or involved some unusual activity or untoward event beyond the normal duties and activities of plaintiff's employment.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
 CONCLUSION OF LAW
1. Plaintiff did not sustain an injury by accident in the course and scope of employment with defendant-employer as defined by the Act. N.C.G.S. § 97-2(6).
2. The evidence fails to establish that plaintiff developed an occupational disease while in the course and scope of employment with defendant-employer. N.C.G.S. §§ 97-53(13), 97-53(21); see Henry v.A.C. Lawrence Leather Co., 234 N.C. 126, 66 S.E.2d 693 (1951) (tenosynovitis compensable only when cumulative and developing over time).
 ***********
Considering the foregoing findings of fact and conclusions of law, the undersigned makes the following
 AWARD
1. Plaintiff's claim must be and is HEREBY DENIED.
2. Defendant is ordered to pay the costs, including the physician's fee, for the deposition of Dr. F. Ray Thigpen. Otherwise, each side shall bear their respective cost.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER